**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DARRELL SMITH,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF JUSTICE,<br>　　　　　Agency. | DOCKET NUMBER<br>SF-0432-18-0044-I-1<br><br><br>DATE: February 7, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Nicole M. Ferree, Esquire, Las Vegas, Nevada, for the appellant.

Kathleen Harne and Ted Booth, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the agency's action demoting him for unacceptable performance under 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication consistent with *Santos v. National*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021), and the guidance below.

## BACKGROUND

The agency placed the appellant, a Correctional Counselor at its Federal Correctional Institution in Dublin, California, on a performance improvement plan (PIP) based on his unacceptable performance in two of the critical elements in his performance plan: (1) Plans, Monitors, and Evaluates; and (2) Communicates. Initial Appeal File (IAF), Tab 15 at 284-90. The PIP set forth examples of his unacceptable performance under each element and enumerated what he needed to do to bring his performance up to at least the minimally successful level. *Id.* At the end of the 90-day PIP, the appellant's supervisor determined that his performance remained at the unacceptable level on the same two critical elements. IAF, Tab 15 at 281-82. Consequently, she issued a notice of proposed removal, dated August 23, 2017, based on unacceptable performance. *Id.* at 271-74.

The agency twice extended the deadline for the appellant to respond. *Id.* at 119-20. He presented a written response on September 22, 2017, and an oral response 6 days later. IAF, Tab 15 at 104-05, Tab 16 at 5-315. After considering the appellant's responses, the deciding official issued an October 20, 2017 decision letter finding the appellant's performance unacceptable on the two critical elements at issue. IAF, Tab 15 at 76-79. However, he mitigated the proposed removal, instead demoting the appellant to a GS-07 Correctional Officer position, effective October 29, 2017. *Id.* at 77.

The appellant filed a timely appeal of his demotion, arguing that the agency retaliated against him for whistleblowing and for his prior equal employment opportunity (EEO) activity, discriminated against him on the basis of his disability, and committed harmful error in issuing the PIP. IAF, Tab 1 at 6. After holding a hearing, the administrative judge affirmed the agency's action.

IAF, Tab 30, Initial Decision (ID) at 1, 42. She also found that the appellant failed to establish any of his affirmative defenses. ID at 35-41.

The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency filed a response in opposition to the appellant's petition for review. PFR File, Tab 3.

## ANALYSIS

At the time the initial decision was issued, the Board's case law stated that, to prevail in a performance-based action under chapter 43, the agency must establish the following by substantial evidence:[2] (1) the Office of Personnel Management approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards were valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which he was provided an opportunity to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010). The administrative judge determined that the agency established all five of the elements set forth above, demonstrating the appellant's unacceptable performance in two of the critical elements of his position. ID at 9-27. The appellant does not challenge the administrative judge's findings on the first three elements of the agency's burden,[3] nor does he challenge her finding

---

[2] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p).

[3] The appellant argued below that his performance standards were not valid because they did not articulate what he must do to achieve minimally successful performance. IAF, Tab 28 at 4. To the extent that the appellant's performance standards did not explicitly contain a minimally successful standard, an agency may cure the defect by fleshing out the standards through additional oral or written communication. *Towne v.*

that the agency warned him of his inadequacies during the appraisal period. Based on the record before us, we see no reason to revisit the administrative judge's findings on these issues.

The agency gave the appellant a reasonable opportunity to improve.

In his petition for review, the appellant reiterates his argument that, due to his taking a significant amount of sick leave, he was only present for 36 out of the 63 workdays in his 90-day PIP, and that the administrative judge therefore erred by finding that the agency afforded him a reasonable opportunity to improve. PFR File, Tab 1 at 7. The employee's right to a reasonable opportunity to improve is a substantive right and a necessary prerequisite to all chapter 43 actions. *Lee*, 115 M.S.P.R. 533, ¶ 32. In determining whether an agency has afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time which is sufficient to provide the employee with an opportunity to demonstrate acceptable performance. *Id.*

Here, the record shows that the appellant worked 36 days of his 90-day PIP, an amount of time that can satisfy the agency's obligation under chapter 43 to provide a reasonable opportunity to demonstrate acceptable performance. *See, e.g.*, *Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97, 101 (1989) (finding that a 30-day PIP satisfied the agency's obligation to provide a secretarial employee with a reasonable opportunity to demonstrate acceptable performance on ad hoc and timekeeping tasks), *aff'd*, 899 F.2d 1228

_____

*Department of the Air Force*, 120 M.S.P.R. 239, ¶ 23 (2013). The administrative judge here found that the agency did so in the PIP document. ID at 11-12; *see* IAF, Tab 15 at 287-88. She determined that the appellant's performance standards were "sufficiently clear to ensure that the appellant could understand them," and were reasonable, realistic, and attainable. ID at 12. She further found insufficient evidence to support the appellant's claim that the agency held him to a higher level of performance than it did from his peers who were not on a PIP. *Id.* The appellant does not challenge any of these findings on review.

(Fed. Cir. 1990) (Table). Moreover, the appellant's supervisor was able to perform many of the tasks that the appellant failed to perform in relatively short amounts of time. For example, the administrative judge credited the supervisor's testimony that it took her about 3 hours to complete all of the audit checks she had assigned to the appellant and that he failed to complete. ID at 18 & n.4. Similarly, the administrative judge found that the appellant was well aware, on the morning of the deadline set forth in the PIP, that he needed to complete a training course, and he could have done so by the end of the day, but it nevertheless took him 10 more days to complete this straightforward assignment and he offered no reason for the delay. ID at 26. Thus, we agree with the administrative judge's finding that it was not unreasonable to expect the appellant to have completed these tasks during the 36 days the appellant worked under the PIP. The administrative judge correctly found that the agency afforded the appellant a reasonable opportunity to demonstrate acceptable performance.

<u>The agency established by substantial evidence that the appellant's performance was unacceptable in two critical elements.</u>

*The critical element of Plans, Monitors, Evaluates.*

Following her analysis of the documentary record and the testimony before her concerning the specific tasks set forth in the appellant's PIP, the administrative judge determined that the appellant had failed to meet the minimally successful performance level concerning his performance of two of the three tasks assigned in the PIP under the critical element, Plans, Monitors, and Evaluates, i.e., completing the central file audit checklists and running the daily inmate discipline sentry logs. ID at 15-23; IAF, Tab 15 at 287-88. To complete the audit checklists, the appellant was required to complete checklists for the 160 cases in his caseload. IAF, Tab 15 at 285, 287. The task, originally assigned on December 19, 2016, had an initial due date of April 3, 2017, which was extended to May 11, 2017, during the PIP. *Id.* at 285, 287. The administrative judge found that the bi-annual task was properly assigned to the appellant prior to

his placement on the PIP and further found it undisputed that he did not complete a single checklist during the PIP period. ID at 17. She also found that the appellant had adequate time during the PIP to complete the task, considering the appellant's testimony that it took him about 10 minutes per file to complete a checklist, and his supervisor's testimony that it took her 3 hours to complete all the checklists she had assigned to the appellant. ID at 18 & n.4, IAF, Tab 27, Hearing Compact Disc (HCD) (testimony of the appellant and the appellant's supervisor). The administrative judge concluded from the appellant's testimony that the checklists were not a priority for him and she found his claim that his supervisor had impeded his efforts to complete the task was not credible, citing the appellant's failure to raise the issue in contemporaneous emails, despite repeatedly doing so in other instances in which he accused his supervisor of inappropriately blaming him for performance deficiencies. ID at 19-20.

The appellant was also required to complete Inmate Discipline Daily Logs each day to track Unit Disciplinary Committee hearings on his caseload. IAF, Tab 15 at 271, 287. The administrative judge noted that this assignment was not a daily responsibility for the appellant before the PIP, citing his supervisor's testimony that she had required him to perform this task on a daily basis under the PIP to ensure that he had knowledge of the disciplinary incidents in the unit for which he was responsible, in an effort to facilitate his ability to timely meet his obligations. ID at 21; HCD (testimony of the supervisor). The appellant did not complete this task on six occasions, May 7-9, 15, 22, and July 17, 2017. IAF, Tab 15 at 271. The administrative judge concluded that the appellant's testimony concerning his excuse for why he failed to perform this task between May 8 and 24, 2017, was not credible. ID at 21; HCD (testimony of the appellant). On that point, the administrative judge credited the supervisor's testimony that the appellant first asked for help on this task on May 24 over the appellant's testimony that he asked for help on May 8, but did not receive it until May 24, 2017, finding the appellant's testimony that his supervisor did not know the

answer on May 8 was inconsistent with the record concerning the supervisor's familiarity with and knowledge of the system used for producing the reports. ID at 21-23; HCD (testimony of the appellant and the supervisor). On that basis, she found that the agency established that the appellant failed to meet the minimally successful level on this task during the PIP. ID at 23. The administrative judge found that the appellant was not responsible for a third failure noted on the performance log and cited in his proposed removal, an outstanding incident report. ID at 23; IAF, Tab 15 at 271, 281. Nevertheless, as set forth above, based on her findings concerning the two other tasks assigned in the PIP and associated with this critical element that she determined the appellant failed to perform, the administrative judge found that the agency demonstrated by substantial evidence that the appellant's performance on the critical element of Plans, Monitors, and Evaluates remained below minimally successful during the PIP period. *Id.* We agree.

*The critical element of Communicates.*

Concerning this critical element, the PIP required the appellant, with few exceptions, to be in the unit for 9 hours out of his 10-hour shift performing duties such as processing inmate requests and inspecting cells, and to register for and successfully complete several courses on the agency's Skillsoft training system. IAF, Tab 15 at 287-88. The supervisor's performance log indicates that, although the appellant had exhibited improvement in this area, he had still failed to complete the first of the assigned Skillsoft courses by the due date. *Id.* at 282. She also observed that, despite the additional open house hours, and based on numerous complaints, the appellant still needed to improve his accessibility to inmates. *Id.* The administrative judge did not credit the appellant's claim that he was confused about which course to take, finding that he was aware that he had missed the deadline to take the course and that he had been told how to access the correct one listed in the PIP. ID at 26. Because he completed this course, Avoiding Time Stealers, 10 days after the May 30, 2017 deadline set forth in the

PIP, the administrative judge found that the appellant failed to meet one of the requirements necessary for him to reach the minimally successful level in the Communicates critical element. ID at 26.

*The appellant's failure on some of the tasks on the PIP was failure on the two critical elements at issue as a whole.*

The appellant argues on review that, because the agency only established three out of the five allegations of unacceptable performance that it alleged in the proposed adverse action, its evidence does not establish his unacceptable performance by substantial evidence on either of the critical elements it alleged therein. PFR File, Tab 1 at 6. He also contends that the agency failed to demonstrate how the tasks set forth in the PIP were of such importance that his failure to compete those tasks warrants a finding that he failed a particular critical element or that his overall performance was unacceptable. *Id.*

When, as here, an appellant's performance was unacceptable on one or more, but not all, components of a critical element, the agency must show by substantial evidence that the appellant's performance warranted an unacceptable rating on the element as a whole. *Lee*, 115 M.S.P.R. 533, ¶ 36. Such evidence may include evidence that the appellant knew or should have known the significance of the sub-elements at issue and evidence showing the importance of the sub-elements in relation to the duties and responsibilities with which the critical element as a whole is concerned. *Id.*

Contrary to the appellant's contentions on review, PFR File, Tab 1 at 6, the sum and substance of the administrative judge's analysis shows that he knew or should have known the significance of each of the tasks set forth in his PIP, and we agree with her ultimate conclusion that his deficiencies were significant enough to justify his demotion, ID at 42. The tasks set forth in the PIP directly relate to the associated critical elements. For example, the Inmate Discipline Daily Logs and Central File Audit Checklists required by the appellant's PIP are tools that address the need "to ensure safe, secure, and efficient operations," as

stated under the critical element of Plans, Monitors, and Evaluates. IAF, Tab 15 at 287, 299. Under the critical element of Communicates, the required tasks involved the appellant's presence in the unit seeing to the needs of the inmates and taking several courses involving communication and time management. *Id.* at 287-88, 302-03. Moreover, the appellant's PIP made clear that unacceptable performance on any task associated with those critical elements would indicate unacceptable performance on the element as a whole and could subject him to removal. *Id.* at 289. Although the appellant is correct that the administrative judge found that the agency failed to prove two of the performance deficiencies it alleged, we agree with the administrative judge's analysis that the agency established the appellant's unacceptable performance in at least one of his critical elements by substantial evidence, which is sufficient to meet its burden of proof. ID at 42; *see Lee*, 115 M.S.P.R. 533, ¶¶ 5, 37.

Remand is required in light of *Santos*.

During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, 1363, that, in addition to the five elements of the agency's case set forth above, the agency must also "justify the institution of the PIP" by proving by "substantial evidence that the employee's performance was unacceptable . . . before the PIP." The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Accordingly, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id.*, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue, and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

On remand, the administrative judge should make new findings as to the appellant's disparate treatment disability discrimination and EEO retaliation claims.

The administrative judge found that the appellant failed to prove disability discrimination based on a failure to reasonably accommodate his disability because he did not articulate an accommodation that would have permitted him to perform his duties at the fully successful level. ID at 32-33. The appellant does not challenge this finding on review, and we see no reason to disturb it.

As to the appellant's remaining claims, the Board recently clarified that claims of disability discrimination and EEO retaliation based on activity protected under Title VII and the Age Discrimination in Employment Act are subject to a motivating factor standard. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21, 30. To establish a violation of the anti-retaliation provision of the Rehabilitation Act, however, an appellant must establish that the protected activity was a "but-for" cause of the employer's action. *Id.*, ¶¶ 44-47*; Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 32. On remand, the administrative judge shall reconsider the appellant's disparate treatment disability discrimination and EEO retaliation claims under the recently clarified legal standards along with any additional evidence adduced.

The appellant failed to show that the agency committed harmful error.

The appellant argued below that the agency failed to give him enough time to respond to the notice of proposed removal. IAF, Tab 28 at 5. The administrative judge found that the agency did not commit harmful error because the record showed that the agency gave the appellant adequate time to respond, i.e., 15 days following his receipt of the proposal, and that the deciding official subsequently granted the appellant a 7-day extension of that deadline. ID at 35; IAF, Tab 15 at 118. She found that the appellant responded within the extended timeframe, and the deciding official considered his response, as well as documents the appellant submitted after the extended timeframe. ID at 35-37;

IAF, Tab 15 at 76, Tab 16, Tab 26. The administrative judge also rejected the appellant's argument that the agency was required to allow him official time to craft a response to the notice of proposed removal because he was not working during the response period, but instead was receiving pay from the Department of Labor for a workplace injury. ID at 36. While the appellant alleged that he lacked access to his email and documents during the response period, the administrative judge determined that he could have accessed those documents through the agency's human resources office. ID at 36-37. The appellant has not challenged these findings, and we discern no basis to disturb them.

<u>The administrative judge must reconsider on remand whether the agency established by clear and convincing evidence that it would have demoted the appellant in the absence of his protected disclosure</u>.

In an adverse action appeal in which the appellant has raised a claim of whistleblower reprisal, once the agency proves its adverse action case, the appellant must show by preponderant evidence that he made a disclosure protected under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the agency's personnel action.[4] *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013). If the appellant establishes a prima facie case of reprisal for whistleblowing, the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action absent any protected activity. *Id.*, ¶ 32.

The administrative judge found that the appellant established a prima facie case of reprisal for whistleblowing and we see no reason to disturb that finding. She further found that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the appellant's whistleblowing. However, it is possible that additional evidence taken on remand

---

[4] Approximately 2 months before the initial decision was issued in this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code. However, those amendments do not implicate the issues here.

could impact this finding. Therefore, the administrative judge shall reconsider on remand whether the agency proved by clear and convincing evidence that it would have taken the same action in the absence of whistleblowing.

<u>Weingarten-type rights do not apply to meetings concerning performance</u>.

The appellant contends for the first time in his petition for review that he has new and material evidence that the agency violated his right to union representation during PIP meetings and the meeting at which he received the agency's demotion decision. PFR File, Tab 1 at 11-15; ID at 38-39. The appellant presents documents pertaining to unfair labor practices charges that predate the initial decision and his own prehearing submissions. PFR File, Tab 1 at 7-8, 11-15; ID; IAF, Tab 19. He also submits a letter from the Federal Labor Relations Authority that is not material to the outcome of this case. PFR File, Tab 1 at 7-8, 10. Because the appellant has not shown that either these documents or their contents were unavailable to him before the record closed despite his due diligence, and because he has not shown that they are material to the outcome of his case, we do not consider them. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980); 5 C.F.R. § 1201.115.

We have considered the appellant's remaining arguments on review but find they provide no basis for reversing the initial decision.

**ORDER**

For the reasons discussed above, we remand this appeal to the Western Regional Office for further adjudication in accordance with this Remand Order. On remand, the judge shall accept argument and evidence and make findings as to whether the agency showed that the appellant's performance was unacceptable prior to the PIP. The administrative judge shall also reconsider the appellant's affirmative defenses of disparate treatment disability discrimination, EEO retaliation, and whistleblower reprisal and make new findings on those issues. The administrative judge may incorporate her prior findings, as appropriate.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.